**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| NuCurrent Inc., <br>     Plaintiff, <br><br> v. <br><br> Samsung Electronics Co., Ltd; Samsung Electronics America, Inc., <br><br>     Defendants. | Case No. 6:18-cv-00051 <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' UNOPPOSED MOTION TO SEAL**

PLEASE TAKE NOTICE that pursuant to Local Rule CV-5(a)(7), Defendants Samsung Electronics Co. Ltd. ("SEC") and Samsung Electronics America Inc. ("SEA", and together with SEC "Samsung") move this Court for an Order sealing certain portions of, and two exhibits to, Samsung's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), or to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or Alternatively, to Compel Arbitration and Dismiss the Trade Secret Claims and Stay This Entire Action ("Motion to Transfer"). Specifically, Samsung requests that this Court seal Exhibits 1 and 2 to the Declaration of Melissa Smith and related references in its Motion to Transfer. Samsung believes that the sealing of the above-referenced materials is appropriate to protect confidential business-related information and to honor the parties' agreed-upon confidentiality provisions. This motion is unopposed.

Under Fifth Circuit precedent, the First Amendment guarantees access to certain judicial records and documents. *See e.g*, *Sullo & Bobbitt, P.L.L.C. v. Milner*, 765 F.3d 388, 393 (5th Cir. 2014) ("[I]t is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents."). The information

that Samsung requests to seal is not the type of information that is covered by the First Amendment's right of access to judicial records because it is not one of the types of documents specifically protected. Accordingly, this Court need not find that there exists a compelling government interest for sealing the documents.

While "the public has a common-law and First Amendment right to inspect and copy judicial records [,]" *United States v. McCraney*, 99 F. Supp. 3d 651, 654 (E.D. Tex. 2015) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)), "the public's common law right is not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id*. When determining whether particular records submitted in a judicial proceeding should be sealed, a court "must balance the public's common law right of access against the interests favoring nondisclosure." *Id*. (citing *Nixon*, 435 U.S. at 602); see also *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 434207, at *1 (E.D. Tex. Feb. 1, 2017) (In determining whether to restrict the public's access to court documents, "a judge must be cognizant of the fact that public access to judicial records serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.") (internal quotation marks omitted).

Courts of this district have found that a public's right of access to judicial proceedings can be outweighed by the competing interest in protecting a business' sensitive information, such as is the case here. *See Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, No. 1:15-cv-348, 2016 U.S. Dist. LEXIS 182542, at *3 (E.D. Tex. Feb. 22, 2016) (sealing documents discussing business practices and confidential information that "if made public could negatively impact" the

plaintiff's business position); *Conn Credit I, LP v. TF Loanco III, LLC*, No. 1:14-CV-429, 2016 U.S. Dist. LEXIS 190807, at *1 (E.D. Tex. May 9, 2016) (granting motion to seal exhibits containing "confidential information for which the need for non-disclosure outweighs the public's common-law right of access to judicial records").

The information that Samsung requests to seal qualifies for sealing under Fifth Circuit precedent. In order to facilitate the Court's review, Samsung hereby provides additional facts regarding the content of the specific information it seeks to seal, which demonstrate why the sealing is necessary and appropriate:

- Exhibits 1 and 2 to the Declaration of Melissa Smith and corresponding portions of the Motion to Transfer: Sensitive business agreements subject to ongoing confidentiality provisions agreed to by the parties.

For the foregoing reasons, Samsung respectfully requests that the Court seal Samsung's papers as described above.

Dated: June 4, 2018                               Respectfully submitted,


                                                  By: */s/ Allan M. Soobert*

                                                  Allan M. Soobert (DC Bar No. 443753)
                                                  Jeffrey A. Pade (Admitted Pro Hac Vice)
                                                  Joseph Profaizer (Admitted Pro Hac Vice)
                                                  **PAUL HASTINGS LLP**
                                                  875 15th Street N.W.
                                                  Washington D.C., 20005
                                                  Telephone: 202-551-1700
                                                  Facsimile: 202-551-1705
                                                  allansoobert@paulhastings.com
                                                  jeffpade@paulhastings.com
                                                  joeprofaizer@paulhastings.com

        Mark D. Pollack (Admitted Pro Hac Vice)
**PAUL HASTINGS LLP**
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, IL 60606
Phone: 312-499-6000
Fax: 312-499-6100
markpollack@paulhastings.com

Melissa R. Smith (Texas Bar No. 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Phone: 903-934-8450
Fax: 903-934-9257
melissa@gillamsmithlaw.com

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record was served with a true and correct copy of the foregoing document by electronic mail on this the 4th day of June, 2018.

*/s/ Allan M. Soobert*